J. HOWARD CHAMBERS, PLAINTIFF-RESPONDENT, v. CHARLES BOLDT AND MARGARET I. BOLDT, HIS WIFE, AND PAUL B. RICHTER, DEFENDANTS-PETITIONERS.

Submitted May 2, 1939—Decided August 9, 1939.

Before Justices CASE and HEHER.

For the petitioners, *Riggins & Davis* (*Frank W. Davis*).

For the respondent, *Carl Kisselman* and *Henry S. Ross*.

The opinion of the court was delivered by

CASE, J. The matter comes before us on petition and rule to show cause to vacate and set aside a judgment, entered by confession on bond and warrant, for the deficiency remaining on a bond and mortgage debt after crediting thereon the proceeds of the foreclosure sale of the real estate.

On July 16th, 1935, the petitioners, Charles Boldt and Margaret I. Boldt, his wife, and Paul B. Richter, executed and delivered to the respondent, J. Howard Chambers, a bond in the amount of $2,000, to which was appended a warrant of attorney to confess judgment, and the Boldts further executed and delivered their real estate mortgage to secure the bond. The lands were later conveyed to Richter. The mortgage became in default, and on March 4th, 1937, Chambers filed his bill in Chancery to foreclose. The Boldts and Richter were brought in as parties to the suit and had actual notice of the pendency thereof. The property was bought in at the foreclosure sale by Chambers. The sale was confirmed on October 5th, 1937. On December 2d, 1937, Chambers filed in the office of the register of deeds of Camden county, wherein the lands were situated, a notice of intention and, accordingly, on December 4th, 1937, entered a confessed judgment against the petitioners for the deficiency. No application was made by the petitioners to Chambers to refinance the mortgage indebtedness during the pendency of the foreclosure suit, although Chambers made repeated efforts to induce the owner of the property to reinstate the mortgage while it was under foreclosure and, after foreclosure, to accept the reconveyance of the foreclosed premises. The petitioners appear to have been on full notice of all the essential steps of the foreclosure proceedings, but the entry of the confessed judgment for the deficiency did not come to their attention until November 19th, 1938, when suit was brought in a Pennsylvania court upon the judgment. Thereupon petitioners went into our Court of Chancery in the effort to open

up and vacate the decree confirming sale and to obtain a reference to a master to ascertain the fair value of the mortgaged premises in order that that value might be applied in reduction of the deficiency. Chancery, following hearing, dismissed the petition. The petition herein was then filed, and the present rule was issued.

Petitioners contend that by reason of chapter 88, *Pamph. L.* 1935, the obligee on a mortgage bond, if he would hold the obligor to liability for a deficiency under the mortgage sale, must proceed on the bond by plenary action instituted by the issuance and personal service of summons notwithstanding the obligor has duly executed and delivered a warrant of attorney to enter judgment by confession.

Section 1 of the 1935 statute is as follows:

"In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the said mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such cases it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within three months from the date of the confirmation of the sale of said mortgaged premises and judgment shall be rendered and execution issued only for the balance of debt and costs of suit; provided, however, that no action shall be instituted against any party answerable on the bond unless such party is joined in the proceedings to foreclose the said mortgage; and provided, further, that the obligor or obligors in said bond may file an answer in the suit on said bond disputing the amount of such deficiency, in which event both parties may introduce in evidence at the trial, testimony of the fair market value of the mortgaged pemises at the time of the sale under said foreclosure proceedings, and the court, sitting with or without a jury, shall determine the amount of said deficiency by deducting from said debt the amount found to be the fair market value of said premises; and further provided, that if all parties to the action shall so agree the courts may accept as the fair market value of said mortgaged prem-

ises the value fixed by three appraisers to be named by agreement of all parties to the action, which said agreement shall be evidenced by a stipulation to be filed in the action."

The statute is moulded upon the provisions of, and by its title is a supplement to "An. act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder," chapter 170, *Pamph. L.* 1880, as amended by chapter 147, *Pamph. L.* 1881; 3 *Comp. Stat., p.* 3420. Except for the shortening of the suit period from six months to three months and the substitution of the words "date of the confirmation of the sale" for "date of the sale" the language down to the first semi-colon of the section quoted *supra* is precisely the same as that of the 1881 statute. The enactment is clear in its provisions. The statute was passed before the parties made their contract. In the light of that statute and with presumed knowledge thereof, the petitioners agreed that judgment might be taken against them by confession and executed a warrant to that end. A party may waive his right to have a suit begun against him by process. *Hazel* v. *Jacobs,* 78 *N. J. L.* 459, 462. In *Crosby* v. *Washburn,* 66 *Id.* 494, Mr. Justice Garison, speaking for this court, said: "The right to have a suit commenced by process is a personal privilege that may be waived by the debtor. The statute of 1881 does not alter the common law in this respect." It appears to us that the 1935 supplement is subject to the application of the same legal principle and that the petitioners, in executing the warrant, waived the commencement of suit by process. Petitioners recognize the controlling force of that holding in so far as the body of the statute is concerned. They concede that without the preamble which prefaces the enactment "there would be no problem to solve;" but upon the recitals in the preamble they argue that the statute is a declaration of public policy and that therefore its provisions may not be waived by one who is privileged thereby. Even upon the assumption that the statute was passed because of a public emergency, as a matter of public policy, and to afford relaxation to obligors from their contractual burdens, it is not demonstrated that an obligor, with knowledge of the statute, may not waive the

permissive, not mandatory, direction that he may file an answer in a suit on the bond, or that, having authorized the entry of judgment by confession and being on notice that the property had been sold at less than the mortgage debt, he was not in duty bound to apprise the obligee of a desire to be heard as to value or to put himself in the way of getting information of the statutory (3 *Comp. Stat., p.* 3423 § 51) filing of the notice of intention and of acting speedily thereon. Petitioners are, of course, chargeable with knowledge that they had authorized respondent to enter judgment by confession for the deficiency, that the deficiency existed and that judgment thereon could be entered upon a proceeding instituted within three months after the decree confirming, yet they did nothing to inform themselves of the status of the case. Viewed in any light, the contention of the petitioners may prevail only upon the theory that the statute on bonds and warrants (1 *Comp. Stat., p.* 219) was pro tanto repealed, by implication, by the 1935 statute. The latter contains no words of repeal, either general or specific. Repeal by implication is not favored by the courts. Such destroying effect will be deemed to reside in the more recent statute only when it is irreconcilable with the prior one. *Terrone* v. *Harrison,* 87 *N. J. L.* 541, 544. The act for the entry of judgments on bonds with power of attorney to confess judgments (1 *Comp. Stat., p.* 219) had long been (*R. S.* 944) in the books. (See, also, *Paterson's Laws* 356, *XIII et seq.,* for the form of the statute passed in 1799.) One would expect a plain reference in the later statute, or at least a provision therein in manifest contradiction of the terms of the earlier one, if a legislative intent to repeal is to be imputed. *Oakland* v. *Board of Conservation, &c.,* 98 *Id.* 99, 102.

But the decisive factor against the argument of petitioners is that our Court of Errors and Appeals has held that the enacting part of the cited statute is clear and unambiguous and that, therefore, it is not controlled or affected by anything in the preamble. *Alert Building and Loan Association* v. *Bechtold,* 120 *N. J. L.* 397. We are controlled by that holding. A study of the statute, independent of the preamble, leads to the conviction that the provisions for the fil-

ing of an answer and for trial, evidence and determination had reference, in the legislative mind, to an action instituted in the usual way, by process and complaint, to which such steps are incident. Filing of answer, trial and adjudication cannot be assimilated into an entry of judgment on confession without suit. We do not find sufficient indication, internal to the enactment, to justify us in deciding that a repealer was intended. The act of 1935 and the statute on judgments by confession are not irreconcilable. They may function side by side if we conclude, as we do, that the latter is not within the purview of the former.

It is asked that if the court should reach the determination just expressed petitioners may nevertheless have the judgment opened up and vacated to the extent that they be heard on the question of the fair market value of the premises and the amount that should be deducted from the debt because of that value. That seems to be making the same argument in different words. We are of the opinion that the conclusion on the first branch of the argument disposes of the second. In the face of the determination that the statute does not apply to bonds, executed after passage, with warrant to confess judgment, no substantial reason is advanced why the judgment should be opened.

The application will be denied and the rule dismissed, with costs.